Scott Lieske, Esq. #016250
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
(602) 253-8346, facsimile
Attorney for Russell Brown, Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STEPHEN J. RATTLE<br><br>and<br><br>MARY JOHNSTON,<br><br>Debtors. | In Proceeding Under Chapter 13<br><br>Case No. 2-09-BK-26405 CGC<br><br>**TRUSTEE'S OBJECTION TO CLAIMS OF PROPERTY AS EXEMPT** |

Russell Brown, Chapter 13 Trustee ("Trustee Brown"), objects to property of debtors claimed as exempt in this case.

1. This case was originally filed as a Chapter 7 on October 19, 2009.

2. Debtors original Schedule C (Docket #1) had claimed a $32,000.00 exemption under A.R.S. §33-1101(A)(1), (A)(2) on 39 acres of non-residential unimproved real property in Montana; two exemptions under A.R.S. §33-1126(C) on a $40,000.00 Endowment with British Government and a $90,000.00 Pension with Automobile Association in England; and a $5,500.00 automobile exemption pursuant to A.R.S. §33-1125(8) on a 2004 Chevy Avalanche.

3. On December 22, 2009 the former Chapter 7 Trustee, William Manera ("Trustee Manera"), filed an Objection to the Debtors' Claims of Exemption (Docket #24) and filed a Bar-Date Notice (Docket #25), setting a 21-day response deadline. The Objection and the Notice were mailed to the Debtors and their Counsel of Record. Trustee Manera objected to the Debtors' attempts to exempt the non-residential property in Montana, the British Endowment and Pension, and requested that the exemption in the Chevy Avalanche be limited to $5,000.00.

4. On January 14, 2010 Trustee Manera filed a Certificate of No Objections (Docket #26) and lodged an Order Sustaining the Trustee's Objections to the Debtors' Claims of Exemptions. The Order Sustaining Trustee's Objection to Claimed Exemption (Docket #28) on January 14, 2010.

5. On January 24, 2010 Debtors filed a Motion to Set Aside the Order Sustaining Objections to Claimed Exemptions (Docket #29). The Motion alleges that Debtors' Counsel believed that he had filed a timely Response and argues excusable neglect, but has failed to establish a *prima facie* case for the allegation. Debtors also filed an untimely Response (Docket #30) on January 24, 2010. Debtors' pleading does not address the Montana property at all and acknowledges that the claimed vehicle exemption is in excess of the allowable limit. Addressing the British retirement accounts, the Debtors acknowledge that A.R.S. §33-1126(C) "clearly does not apply" and states that they should have claimed the assets as exempt under §33-1126(B) or possibly §33-1126(A)(7).

6. A hearing on the Debtor's Motion to Set Aside the Order was set for February 24, 2010. The parties Stipulated to continue the February 24, 2010 hearing for 60 days on the grounds that they were attempting to resolve the matter, and the hearing was re-set to April 1, 2010. None of the parties appeared at the April 1, 2010 hearing and the court vacated the hearing (Docket #43).

7. On April 21, 2010 Trustee Manera filed an Application to Employ Auctioneer/Real Estate Agent (Docket #44) with the purpose of selling the non-residential unimproved land in Montana and a sale was set for May 19, 2010 (Docket #46). The Order Granting the Application to Employ the Auctioneer was signed and entered on April 29, 2010 (Docket #48).

8. A little more than a week before the May 19, 2010 scheduled sale of the Montana property, Debtors filed a Motion to Convert their case to Chapter 13 on May 7, 2010 (Docket #49). Despite Trustee Manera's Objection to the Motion to Convert the case (Docket #50), the case was converted to Chapter 13 by Order of this Court on May 12, 2010 (Docket #51).

///

///

///

9. Debtors filed Amended Schedules B & C on June 10, 2010 (Docket #57). Debtors' Schedule B reduces the value of the Chevy Avalanche from $6,000.00 to $4,000.00[1], which results in a corresponding reduction in the Schedule C claimed vehicle exemption on the Chevy Avalanche to an allowable amount of $4,000.00. However, the Debtors' Amended Schedule C still erroneously claims exemptions in the Montana land and British Endowment and Pension that this Court has previously ruled as disallowed. The renewed homestead claim on the Montana property has been reduced to $2,427.00 based on the assessed value[2], but the Debtors are still trying to claim the non-residential property as exempt. Even though Debtors' January 24, 2010 Response acknowledges that A.R.S. §33-1126(C) "clearly does not apply" and suggests that they should have claimed these investment assets as exempt under §33-1126(B) or §33-1126(A)(7), their Amended Schedule C renews their erroneous exemption claim §33-1126(C). Even if Debtors had amended the Schedule C to claim the British investments exempt under §33-1126(B) or §33-1126(A)(7), the exemptions would still not be allowable since they do not qualify as either an annuity contract or as a retirement plan under the United State internal revenue code.

10. The Court has already disallowed the Debtors' misguided attempts to exempt the Montana property and the British investments. Debtors cannot simply re-file their Schedule C claiming the exact same exemptions. It appears that Debtors were attempting to re-claim the exemptions in the hope that the new Chapter 13 Trustee would not be as vigilant as the Chapter 7 Trustee and would be caught sleeping at the wheel.[3] This abject and flagrant manipulation is barred by *Res Judicata*.

///

///

---

[1] The Trustee's Recommendation will likely require Debtors to justify and document the 33.33% reduction in value.

[2] Trustee Brown notes that Schedule A has not been amended to reflect the reduced valuation. The Trustee's Recommendation will likely require Debtors to justify and document the more than 92% reduction in value.

[3] When asked at the June 23, 2010 Meeting of Creditors for the reason that they had chosen to convert the case to Chapter 13, Debtors' Counsel disingenuously replied that they had new income. No mention was made of Trustee Manera's Objection to the Claims of Exemption or the pending sale of the Montana property.

- 3 -

1     Wherefore, Trustee Brown objects to the Debtors' attempts to re-exempt the Montana land and the British Endowment and Pension.

Dated: July 22, 2010.

> */s/ Scott Lieske*
> Scott A. Lieske, Esq.   ABN 16250
> Staff Attorney for Chapter 13 Trustee
> *Slieske@ch13bk.com*

A copy of the foregoing
was mailed on July 22, 2010, to:

Mary Johnston
Stephen Rattle
15801 S. 48th St., #2025
Phoenix, AZ  85048

Timothy W. Steadman
STEADMAN LAW FIRM, PLC
1310 E. Southern Ave., Ste. 201
Mesa, AZ  85204

*/s/ Scott Lieske*